NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUADALUPE ALBERTO SANDOVAL, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  19-72292 <br><br> Agency No. A089-664-981 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022**
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,***
District Judge.

Petitioner Guadalupe Sandoval ("Sandoval"), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

dismissing his appeal of the denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review. To the extent that Sandoval challenges the BIA's discretionary hardship determination, his claims are nonreviewable. To the extent that Sandoval raises colorable legal errors, his claims are unavailing.

This appeal turns on an adverse credibility determination by an Immigration Judge ("IJ"). During his removal hearing, Sandoval testified that his children would experience "exceptional and extremely unusual hardship" upon his removal to Mexico due to their medical conditions, cultural unfamiliarity, and lack of financial support. 8 U.S.C. § 1229b(1)(D). However, he also conceded that he had falsified tax returns between 2002 and 2005, and that his eldest son plays basketball despite his alleged spinal condition. Accordingly, the IJ directed Sandoval to corroborate his testimony by providing his more recent tax returns and documentary evidence of his children's health issues. Sandoval failed to provide these documents, and the agency denied his application for cancellation of removal.

On appeal from the denial of an application for cancellation of removal, this Court reviews factual findings for substantial evidence, *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir. 2004), but may only review the BIA's discretionary hardship determination for "colorable" claims of legal or constitutional error, *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). "To be colorable in

2

this context, the alleged violation need not be substantial, but the claim must have some possible validity." *Id.* at 978 (quoting *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005)). Much of Sandoval's petition amounts to a straightforward disagreement with the agency's discretionary hardship determination. However, he alleges three colorable legal claims that we may review.

First, Sandoval claims that his testimony was not inconsistent. This argument challenges an adverse credibility determination, which is a factual finding we review for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The burden of establishing eligibility for cancellation of removal rests "squarely on the noncitizen," *Alanniz v. Barr*, 924 F.3d 1061, 1067 (9th Cir. 2019) (citation omitted), who must "satisfy the trier of fact by offering credible and persuasive evidence," *Yali Wang v. Sessions*, 861 F.3d 1003, 1008 (9th Cir. 2017). In this case, Sandoval's tax returns undermined his credibility, and his testimony regarding his child's spinal condition was contradicted by his admission that the same child played basketball and did not take prescribed medication. Accordingly, the IJ's finding that Sandoval's testimony was inconsistent is supported by substantial evidence.

Second, Sandoval contends that the IJ was required to make a preliminary finding that the corroborative documents he requested were reasonably available. This argument contests the IJ's "application of a legal standard," and is reviewable. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020). Nevertheless, it is

unavailing. Again, an applicant bears the burden of establishing eligibility for relief. *Alanniz*, 924 F.3d at 1067. If the IJ concludes corroborative evidence is necessary, the IJ is required to "give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011). The IJ informed Sandoval of which documents were necessary to corroborate his testimony and gave the applicant a clear deadline to provide them. It was Sandoval's burden to argue that those documents were not reasonably available. He failed to do so.

Finally, Sandoval claims that the BIA failed to address his argument that the credible evidence he offered was sufficient to establish the requisite hardship, notwithstanding his failure to provide additional corroborative evidence. The BIA's failure to consider arguments raised by a petitioner is an abuse of discretion. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1039–40 (9th Cir. 2005). However, Sandoval's contention is incorrect. The BIA upheld the IJ's determination that Sandoval had failed to "satisfy his burden of proof to show exceptional and extremely unusual hardship." In reaching this conclusion, the BIA noted that "[t]he respondent's arguments to the contrary on appeal do not persuade us otherwise," and cited the specific pages of Sandoval's brief that raised the issue he claims the agency ignored. Accordingly, the BIA did not abuse its discretion by declining to address

4

this argument in greater detail. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (noting that the BIA need only "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (quoting *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002))).

**PETITION DENIED.**